# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BRUCE A. BUZZARD,**
**Claimant Below, Petitioner**

**FILED**
June 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0771** (BOR Appeal No. 2050178)
            (Claim No. 2010131208)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**PRINCESS BEVERLY COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Bruce A. Buzzard, by John H. Shumate Jr, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Patrick Morrisey and Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 10, 2015, in which the Board reversed a January 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 21, 2014, decision which denied a request to reopen the claim for temporary total disability benefits. The Office of Judges granted temporary total disability benefits from February 24, 2014, through March 19, 2014. In its Order, the Office of Judge also dismissed as moot the claims administrator's February 25, 2014, decision denying a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Buzzard, an equipment operator, injured his neck and shoulder in the course of his employment on March 19, 1999. As a result of his employment, he also developed bilateral carpal tunnel syndrome which was added to the claim on April 22, 2013, following a memorandum decision from this Court.[1] In a January 6, 2010, treatment note, Paul Oar, M.D., stated that Mr. Buzzard had bilateral hand numbness and chronic neck pain. It was noted that he suffered a work-related neck injury in March of 1999 and had been disabled since that day. An employee's and physician's report of injury completed on March 1, 2010, states that Mr. Buzzard suffered bilateral carpal tunnel syndrome. His date of last exposure was listed as March 19, 1999.

Mr. Buzzard filed a claim reopening application on May 21, 2013, stating that he was seeking to reopen his claim based on new facts not previously considered, specifically this Court's March 14, 2013, decision holding the claim compensable for bilateral carpal tunnel syndrome. Mr. Buzzard indicated on the form that he was retired. Dr. Oar completed the physician's section and certified Mr. Buzzard as temporarily and totally disabled from March 19, 1999, to the present. The claims administrator denied the request for temporary total disability benefits on February 25, 2014.

Mr. Buzzard was treated by Scott Ciaccia, D.O., from August of 2013 through April of 2014. On August 9, 2013, Dr. Ciaccia noted that Mr. Buzzard reported numbness and tingling in both arms since a 1999 work place injury. Mr. Buzzard stated to Dr. Ciaccia that he was informed by a surgeon that he needed neck surgery. Dr. Ciaccia diagnosed bilateral carpal tunnel syndrome with left cubital tunnel syndrome and possible cervical radiculopathy. A left carpal tunnel release surgery was performed on February 24, 2014. On April 15, 2014, it was noted that the surgery failed.

In a claim reopening application on March 4, 2014, Mr. Buzzard requested temporary total disability benefits from February 24, 2014, through March 19, 2014. Mr. Buzzard indicated on the application that he stopped working on March 19, 1999, due to a work-related injury and was receiving social security disability benefits. In an attending physician's benefits form, Dr. Oar stated that Mr. Buzzard would never return to work. He had reached maximum medical improvement and was ready for a permanent partial disability rating. The period of disability was listed from August 9, 2013, through April 15, 2014. In a corrected order, the claims administrator again denied the request to reopening the claim for temporary total disability benefits on August 21, 2014.

---

[1] In *Buzzard v. WVOIC/Princess Beverly Coal Company*, No. 11-1594 (Mar. 14, 2013) (memorandum decision), this Court reversed an October 28, 2011, Board of Review decision and held the claim compensable for bilateral carpal tunnel syndrome.

In its January 8, 2015, Order, the Office of Judges reversed the claims administrator's August 21, 2014, decision and granted Mr. Buzzard temporary total disability benefits from February 24, 2014, through March 19, 2014. The Office of Judges also dismissed the claims administrator's February 25, 2014, decision as moot. The Office of Judges first determined that the February 25, 2014, claims administrator's decision was rendered moot by the subsequent corrected August 21, 2014, decision.

The Office of Judges next determined that, based upon the evidence of record, Mr. Buzzard's request does not appear to truly be a reopening issue. The Office of Judges found that the claim was held compensable for bilateral carpal tunnel syndrome on April 15, 2011, by the Office of Judges, and the decision was subsequently affirmed by this Court. The Office of Judges' April 15, 2011, Order also stated that temporary total disability benefits were to be paid as established by appropriate medical evidence. The Office of Judges found in the instant case that temporary total disability benefits were never paid, and the case was never properly closed for temporary total disability benefits. Therefore, the Office of Judges determined that Mr. Buzzard's reopening application should be treated as an initial request for temporary total disability benefits.

There were two temporary total disability requests of record. The first, dated October 7, 2013, certified Mr. Buzzard as temporarily and totally disabled from March 19, 1999, to the present. The Office of Judges determined that the request was not credible in light of the evidence. Specifically, Saghir Mir, M.D., indicated in a June 21, 2010, independent medical evaluation that Mr. Buzzard has been on social security disability since 1999 due to a work-related neck injury. The Office of Judges found that the subject claim was filed on March 1, 2010, for bilateral carpal tunnel syndrome due to repetitive motion. Further, the Office of Judges' April 15, 2011, Order, which held the claim compensable for carpal tunnel syndrome, specifically found that Mr. Buzzard was first diagnosed with the condition in 2010. The Office of Judges determined that he stopped working on March 19, 1999, due to his crush injury and not carpal tunnel syndrome. It therefore held that he was not temporarily and totally disabled from March of 1999 to the present.

The second request for temporary total disability certified Mr. Buzzard as temporarily and totally disabled from February 24, 2014, through March 19, 2014, or two weeks from the date of his left carpal tunnel release surgery. The Office of Judges noted that authorization was requested and granted for the surgery. Thereafter, on February 5, 2014, George Bal, M.D., performed a medical necessity review in which he determined that the surgery was necessary and reasonably required in the claim. The Office of Judges concluded that since the surgery was required for treatment of a compensable condition in the claim, Mr. Buzzard was entitled to temporary total disability benefits for two weeks of post-operative healing and recovery. It therefore granted temporary total disability benefits from February 24, 2014, through March 19, 2014.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's August 21, 2014, decision on July 10, 2015. The Board of Review determined that temporary total disability benefits are wage replacement benefits, and Mr. Buzzard had no

wages to replace. According to his claim reopening application, he stopped working on March 19, 1999, due to a work-related injury and was receiving social security disability. The Board of Review stated that though *Blevins v. West Virginia Office of the Insurance Commissioner,* 708 S.E.2d 509 (W.Va. 2010) provides that a claimant may simultaneously receive temporary total disability and social security disability benefits, in the instant case, there is no indication Mr. Buzzard is receiving social security disability benefits for the same compensable injury. The Board of Review stated that Mr. Buzzard admitted in his brief that he had remained off of work since his compensable neck and shoulder injury in March of 1999. The Board of Review therefore determined that he was not entitled to the requested temporary total disability benefits.

After review, we agree with the reasoning and conclusions of the Board of Review. Temporary total disability benefits are intended to be wage replacement benefits while a claimant recovers from an injury. W. Va. Code § 23-4-1c (2009). The evidentiary record very clearly shows that Mr. Buzzard has not worked since March 19, 1999, due to a compensable neck injury. Though his claim has been held compensable for carpal tunnel syndrome and surgery was authorized, he is not entitled to temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

4